UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-81271-CIV-COHN

CLIVENS GOLDMAN,

    Plaintiff,

v.

HSBC BANK USA, NATIONAL
ASSOCIATION, AS TRUSTEE FOR
JPMORGAN MORTGAGE TRUST
2007-A6, MORTGAGE PASS-THROUGH
CERTIFICATES, WITHOUT RECOURSE,
and CHOICE LEGAL GROUP, P.A.,

    Defendants.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Choice Legal Group, P.A.'s Motion to Dismiss Plaintiff's Complaint for Damages [DE 8] ("Motion"). The Court has carefully reviewed the Motion and all related filings. Although the Court scheduled and noticed a hearing on the Motion for earlier today, Plaintiff Clivens Goldman did not appear at the hearing. Therefore, during the hearing, the Court announced its findings and ruling on the Motion.

    As detailed on the record, the Court finds that Plaintiff cannot state claims against Defendant Choice Legal Group, P.A., ("CLG") under the federal Fair Debt Collection Practices Act or the Florida Consumer Collection Practices Act. Any such claims are barred here because CLG never attempted to collect a debt from Plaintiff. See, e.g., 15 U.S.C. § 1692e (prohibiting a "debt collector" from making certain misrepresentations "in connection with the collection of any debt"); Fla. Stat. § 559.72

(banning specific practices "[i]n collecting consumer debts").  Rather, CLG's sole action in Plaintiff's foreclosure case was to seek a writ of possession for the new owner after the foreclosure judgment had been entered, the property sold, and a new title issued. Regardless of whether Plaintiff still owed a debt in connection with the original loan, CLG's conduct had nothing to do with that debt.  CLG merely invoked judicial process to obtain control of the property from Plaintiff after the foreclosure sale and title transfer. While the FDCPA does allow liability for certain **non**-judicial repossessions of property, see 15 U.S.C. § 1692f(6), CLG acquired a writ of possession through judicial means. Further, Plaintiff cannot state a claim against CLG for breach of Plaintiff's mortgage contract, because CLG was not a party to that contract.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Choice Legal Group, P.A.'s Motion to Dismiss Plaintiff's Complaint for Damages [DE 8] is **GRANTED**. Plaintiff's claims in this action against Defendant Choice Legal Group, P.A., are hereby **DISMISSED WITH PREJUDICE**.

The Court also notes that Plaintiff obtained a Clerk's Default [DE 28] against Defendant HSBC Bank USA, N.A., ("HSBC") on October 15, 2014.  But Plaintiff has not yet moved for a final default judgment against HSBC.  See Fed. R. Civ. P. 55(b)(2).  It is therefore further **ORDERED AND ADJUDGED** that Plaintiff shall file any motion for final default judgment against Defendant HSBC by no later than **December 19, 2014.** If Plaintiff fails to meet this deadline, the Court will dismiss his claims against HSBC for lack of prosecution.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 4th day of December, 2014.

_____
JAMES I. COHN
United States District Judge

2

Copies provided to:

Counsel of record and
pro se parties via CM/ECF