UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-81271-CIV-COHN

CLIVENS GOLDMAN,

    Plaintiff,

v.

HSBC BANK USA, NATIONAL
ASSOCIATION, AS TRUSTEE FOR
JPMORGAN MORTGAGE TRUST
2007-A6, MORTGAGE PASS-THROUGH
CERTIFICATES, WITHOUT RECOURSE,
and CHOICE LEGAL GROUP, P.A.,

    Defendants.
_____/

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT AND DISMISSING CASE

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Final Default Judgment [DE 35] ("Motion"). The Court has carefully reviewed the Motion, Plaintiff's supporting Affidavit [DE 36], and the entire file of this case, including Plaintiff's Complaint [DE 1], the Return of Service upon Defendant HSBC Bank USA, National Association ("HSBC") [DE 25 at 4], the Clerk's Default entered against HSBC [DE 28], and HSBC's failure to timely respond to Plaintiff's Motion.

On December 6, 2013, Plaintiff filed this action relating to the judicial foreclosure of a home mortgage held by HSBC. See DE 1. Plaintiff claims that, in pursuing the state-court foreclosure action, HSBC violated several provisions of the Fair Debt Collection Practices Act and the Florida Consumer Collection Practices Act, and also breached the mortgage contract.[1] After HSBC did not timely respond to the Complaint,

---

[1] On December 4, 2014, the Court dismissed Plaintiff's claims against Defendant Choice Legal Group, P.A., a law firm hired by HSBC. See DE 33.

Plaintiff moved for and obtained an entry of default.  See DE 24; DE 28.  Plaintiff now seeks a final default judgment against HSBC.  See DE 35.

By its default, a defendant "admits the plaintiff's well-pleaded allegations of fact." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[2] Yet a default "does not in itself warrant . . . entering a default judgment."  Id.  Rather, "[t]here must be a sufficient basis in the pleadings for the judgment entered."  Id.  This is because a defendant is "not held to admit facts that are not well-pleaded or to admit conclusions of law."  Id.; accord Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005).  Such legal conclusions include the existence of subject-matter jurisdiction, which the Court must examine before addressing the merits.  See Wernick v. Matthews, 524 F.2d 543, 545 (5th Cir. 1975) ("[W]e are not free to disregard the jurisdictional issue, for without jurisdiction we are powerless to consider the merits. If we lack jurisdiction, it is our duty to notice that fact sua sponte."); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Subject-matter jurisdiction "involves the court's competency to consider a given type of case," so it "cannot be waived or otherwise conferred upon the court by the parties." Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1000 (11th Cir. 1982).

Under the Rooker–Feldman doctrine, a federal district court generally lacks jurisdiction to review final judgments of a state court.  See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16

---

[2]  Decisions of the former Fifth Circuit issued before October 1, 1981, are binding precedent in the Eleventh Circuit.  See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

(1923).  Rooker–Feldman applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  The doctrine bars claims "that were actually raised in the state court and those 'inextricably intertwined' with that state judgment."  Figueroa v. MERSCORP, Inc., 766 F. Supp. 2d 1305, 1316 (S.D. Fla. 2011) (citing Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam)), aff'd, 477 F. App'x 558 (11th Cir. 2012) (per curiam).  "A claim is inextricably intertwined if it would effectively nullify the state court judgment or [if] it succeeds only to the extent that the state court wrongly decided the issues."  Casale, 558 F.3d at 1260 (citations & internal quotation marks omitted).

Here, the premise of Plaintiff's claims is that HSBC acted fraudulently in bringing the state-court foreclosure action because the issuance of the mortgage and its later assignment to HSBC were invalid, thereby making the underlying debt unenforceable.  See DE 1 at 2-3, 6-9, 14.  Plaintiff maintains that he "lost the property" due to HSBC's "illegal activity."  Id. at 18; see id. at 28.  If successful, Plaintiff's claims would effectively nullify the state court's foreclosure judgment, or would at least mean that the state court wrongly entered that judgment.  See Casale, 558 F.3d at 1260.  The present claims are therefore inextricably intertwined with the state judgment, and the Court lacks jurisdiction to consider them—much less enter a default judgment in Plaintiff's favor.  Accordingly, it is hereby

      **ORDERED AND ADJUDGED** as follows:

1.     Plaintiff's Motion for Final Default Judgment [DE 35] is **DENIED**;
2.     The above-styled action is **DISMISSED** for lack of subject-matter jurisdiction; and

3. The Clerk shall **CLOSE** this case and **DENY AS MOOT** all pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 24th day of March, 2015.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Clivens Goldman, pro se
3277 Lago De Talavera
Lake Worth, FL  33467